UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| United States of America, | Case No. 13-cr-060 (SRN/SER) |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Nathan Anderson, | |
| Defendant. | |

Amber M. Brennan, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Shannon R. Elkins, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, Minnesota 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.  INTRODUCTION

This matter is before the Court on Defendant's Motion for Release Pending Sentencing [Doc. No. 49]. The Government opposes Defendant's motion [Doc. No. 50]. For the reasons set forth below, the Court denies Defendant's motion.

## II.  BACKGROUND

Defendant was charged by Information with possession of a stolen firearm (Count 1) in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). (Information [Doc. No. 44].) On July 17, 2013, Defendant entered a guilty plea to Count 1 and was remanded to the custody of the United States Marshal. (July 17, 2013, Court Mins. [Doc. No. 45].)

On November 8, 2013, Defendant moved the Court for release pending sentencing in

1

order to receive medical services. (Mot. and Mem. for Release Pending Sentencing at 1 [Doc. No. 49].) Defendant requested a hearing on this issue as well. (Id.) Defendant claims that he previously hurt his wrist and has seen doctors at the Sherburne County Jail, who are "unwilling or unable to help him with his wrist pain." (Id. at 2.) Defendant believes that his wrist "requires an MRI and possibly surgery to repair the ligaments." (Id.) To date, Defendant has received Tylenol and ibuprofen for treatment. (Id.)

## III. DISCUSSION

In support of his request, Defendant cites 18 U.S.C. § 3143(a)(1) and 18 U.S.C. § 3142(g).[1] Defendant argues that he is not at risk of flight, and he does not pose a danger to

---

[1] 18 U.S.C. § 3143(a)(1) provides:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released to section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3142(g) provides factors to be considered:

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;

anyone or the community.  (Mot. and Mem. for Release Pending Sentencing at 3-5 [Doc. No. 49].

The Court respectfully disagrees.  If Defendant were released from custody, he would reside with his wife and three young children.  Although Defendant submits that he has a stable home life with a supportive family, his documented history of violence and substance abuse causes the Court concern.  Defendant has three convictions that are considered crimes of violence, one of which is second-degree assault on his own wife. Considering the stress that his upcoming sentencing may bring, the Court is not persuaded that he will pose no danger to others if released from custody.  Moreover, Defendant's wrist problems do not restrict his ability to flee.

The Court has reviewed Defendant's medical records from Sherburne County Jail. These records reflect that Defendant had tendinitis in his wrist, and he fell and injured his wrist shortly before his arrest.  Defendant was treated for tendinitis with Tylenol and ibuprofen.  An x-ray shows that Defendant did not break his wrist.  An MRI was found to

---

> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

be "not clinically warranted" at least twice. Recently, Defendant developed a lump on his wrist, which has been diagnosed as a possible cyst. The medical records do not indicate that these problems are life threatening or severe by any means. Accordingly, the Court declines to release Defendant for medical services with his own doctor at this time.

For these reasons, the Court denies Defendant's motion for release pending sentencing. Defendant's request for a hearing on this issue is denied as well.

## IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Release Pending Sentencing [Doc. No. 49] is **DENIED**.

Dated: November 20, 2013         s/ Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States District Court Judge